**Chris and Josephine GARCIA,
Plaintiffs,**

v.

**FLEETWOOD ENTERPRISES, INC., a Delaware corporation, Fleetwood Travel Trailers of California, Inc., a California corporation, and Reese Products, Inc., an Indiana corporation, Defendants.**

**No. CIV.99–0382LH/DJS.**

United States District Court,
D. New Mexico.

Jan. 28, 2002.

Randi McGinn and Allegra C. Carpenter, McGinn & Carpenter P.A., Albuquerque, NM, for Plaintiffs.

Kenneth L. Harrigan, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for Defendant Reese Products, Inc.

## MEMORANDUM OPINION
## AND ORDER

HANSEN, District Judge.

**THIS MATTER** comes before the Court on the Motion in Limine by Defendant Reese Products, Inc. to Exclude Evidence of Post Accident Changes (Docket No. 195), filed November 19, 2001. The Court, having considered the Motion, the memoranda of the parties, the argument of counsel at the Pretrial Conference on January 25, 2002, and the applicable law, and otherwise being fully advised, finds for the reasons set forth on the record at the continuation of the Pretrial Conference on January 26, 2002, and for the reasons that follow that the Motion is well taken in part and will be **granted in part.**

■ In this diversity action Plaintiffs bring claims of negligence, strict products liability, and breach of warranty for injuries suffered while attempting to hitch their fifth-wheel trailer to their truck. Subsequent to the accident, Defendant Reese Products, Inc. (Reese) changed the instructions and warnings for its hitch and also upgraded the capacity of the hitch from 14,000 to 15,000 pounds. In its Motion Reese seeks to exclude evidence of subsequent remedial measures under FED. R. EVID. 407. Plaintiffs, also arguing under the federal rule, respond that the new instructions and warnings are admissible to show feasibility and for impeachment purposes.

■ Pursuant to Tenth Circuit precedent, however, the admissibility of subsequent remedial measures is a matter of state, not federal, law. *See Moe v. Avions Marcel Dassault–Breguet Aviation,* 727 F.2d 917 (1984). As the *Moe* court noted, "[t]he purpose of Rule 407 is not to seek the truth or to expedite trial proceedings; rather, in our view, it is one designed to promote state policy in a substantive law area." *Id.* at 932. Thus,

[W]hen state courts have interpreted Rule 407 or its equivalent state counterpart, the question of whether subsequent remedial measures are excluded from evidence is a matter of state policy.... If a state has not announced controlling rules, such as New Mexico, *Herndon* [*v. Piper Aircraft Corp.,* 716 F.2d 1322 (10th Cir.1983) ], the federal court, sitting as a state court in a product liability diversity case, must determine whether Rule 407 applies.

*Id.*

In 1997, federal Rule 407 was amended specifically to include products liability cases, in addition to actions in negligence:

When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

FED. R. EVID. 407 and advisory committee's notes (1997 Amendments). New Mexico, however, whose rule prior to 1997 was exactly the same as the federal rule, has not adopted the 1997 changes:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or

feasibility of precautionary measures, if controverted, or impeachment.

N.M. R. ANN. 11–407. There does not seem to be any New Mexico or Tenth Circuit case law addressing whether New Mexico Rule 11–407 applies to product liability cases. The Court so informed counsel at the Pretrial Conference on January 24, 2002. Reese submitted supplemental briefing on January 25, 2002, and the Court also heard argument by counsel for Reese and Plaintiffs on that date.

Although there is no direct controlling authority of which the Court is aware, in *Yardman v. San Juan Downs, Inc.* the New Mexico court of appeals cited two cases for the proposition that "one of the basic purposes of SCRA 11–407 is to encourage a party to initiate and implement steps to promote safety by removing the disincentive to make repairs or modifications following an accident, which would otherwise exist if the accident victim could readily introduce evidence of such changes as evidence of a defendant's negligence." 120 N.M. 751, 758, 906 P.2d 742, 749 (1995)(citing *Probus v. K–Mart, Inc.,* 794 F.2d 1207, 1210 (7th Cir.1986); *Flaminio v. Honda Motor Co.,* 733 F.2d 463, 469 (7th Cir.1984)). Both *Probus* and *Flaminio* discussed FED. R. EVID. 407 subsequent remedial measures in relation to products liability claims, not negligence. The *Flaminio* decision also includes citation to and considerable discussion of both *Herndon v. Piper Aircraft Corp.,* 716 F.2d 1322 (10th Cir.1983), and *Moe* for the propositions that Rule 407 does not apply to strict liability cases and that state law rather than federal law applies to this question. As it appears the *Yardman* court did, this Court finds the reasoning and conclusion of the Seventh Circuit compelling:

[W]e agree with the majority view that the rule does apply to strict liability cases. We are not persuaded by the purely semantic argument to the contrary that since "culpable conduct" is not

the issue in [a strict liability] case-the defendant is liable, at least *prima facie,* even if he is not blameworthy in the sense of being willful or negligent, provided that he caused the plaintiff's injury-the rule is inapplicable by its own terms.... A major purpose of Rule 407 is to promote safety by removing the disincentive to make repairs (or take other safety measures) after an accident that would exist if the accident victim could use those measures as evidence of the defendant's liability....

The analysis is not fundamentally affected by whether the basis of liability is the defendant's negligence or his product's defectiveness or inherent dangerousness. In either case, if evidence of subsequent remedial measures is admissible to prove liability, the incentive to take such measures will be reduced.... [T]he focus of negligence is on the defendant's conduct, but the focus of strict liability is on the dangerousness of the product regardless of the defendant's conduct.... But this distinction does not justify a refusal to apply Rule 407 in product cases. In those cases where the defendant would have no incentive to take remedial measures anyway, because the accident was unavoidable, Rule 407 is academic; there will be, by assumption, no subsequent remedial measures. But in other cases, ... the injurer would be held liable on a theory of strict liability even though the accident could have been avoided at reasonable cost by taking more care. Especially in a product case, the accident may have been readily avoidable either by eliminating some defect or by warning the consumer of some inherent danger, and in such a case the failure to apply Rule 407 might deter subsequent remedial measures just as much as in a negligence case....

... It is true that the benefits of subsequent remedial measures to the defendant in avoiding future accidents and their associated liability costs are greater, the larger the scale of the defendant's activity; but, by the same token, the costs of those measures to the defendant, in making it more likely that he will be forced to pay damages for accidents that occurred before the measures were adopted are also greater. The effects of scale are symmetrical. *Flaminio,* 733 F.2d at 469–70. Therefore, the Court finds that New Mexico Rule of Evidence 11–407 does apply to product liability cases.

This, however, still leaves the question of the application of the exceptions to the rule: "This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." N.M. R. ANN. 11–407. Plaintiffs contend that Reese's experts have controverted the feasibility of improving the decal, thereby allowing them to present evidence of the decals Reese subsequently added to the hitch. Plaintiffs also maintain that Reese's subsequent remedial measures are admissible for impeachment.

The Court has carefully considered the deposition testimony of Reese's experts and finds that they did not controvert the feasibility of precautionary measures with regard to the decals. Plaintiffs may bring up the impeachment exception at trial, depending upon the testimony received. The Court notes, however, the observation in *Yardman* that

the impeachment exception "must be applied with care, since 'any evidence of subsequent remedial measures might be thought to contradict and so in a sense impeach a party's testimony that he was using due care at the time of the acci-

dent.... If this counted as "impeachment" the exception would swallow the rule.'"

120 N.M. at 758, 906 P.2d at 742 (internal alterations omitted)(quoting *Pub. Serv. Co. of Ind. v. Bath Iron Works Corp.,* 773 F.2d 783, 792 (7th Cir.1985)(quoting *Flaminio,* 733 F.2d at 468)).

**IT IS HEREBY ORDERED** that the Motion in Limine by Defendant Reese Products, Inc. to Exclude Evidence of Post Accident Changes (Docket No. 195), filed November 19, 2001, is **GRANTED IN PART.**